IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Christine M. Simermeyer <br><br> *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* <br><br> -against- <br><br> New York City Police Pension Fund <br> City of New York <br><br> *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | **Complaint for Employment Discrimination** <br><br> **CV 16      3277** <br> *(to be filled in by the Clerk's Office)* <br><br> Jury Trial:  ☐ Yes  x No <br>             *(check one)* <br><br><br> MAUSKOPF, J. <br><br> ORENSTEIN, M.J. |

2016 JUN 20 AM 11:07
CLERK
FILED

1

I. **The Parties to This Complaint**

  A. **The Plaintiff(s)**

  Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

  Name: Christine M. Simermeyer
  Street Address: 895 Sinclair Ave
  City and County: Staten Island, Richmond
  State and Zip Code: NY 10369
  Telephone Number: 561-214-1193
  E-mail Address: csimermeyer@gmail.com

  B. **The Defendant(s)**

  Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

  Defendant No. 1
  Name: New York City Police Pension Fund
  Job or Title (if known):
  Street Address: 233 Broadway 19th FLR
  City and County: New York   New York
  State and Zip Code: New York 10279
  Telephone Number: 212-693-5100
  E-mail Address (if known):

  Defendant No. 2
  Name: City of New York
  Job or Title (if known): (Law Department)
  Street Address: 100 Church St.
  City and County: New York   New York

2

State and Zip Code   New York   10007-2601
Telephone Number   212-356-1000
E-mail Address   NYC.gov/HTML/LAW
(if known)

### C. Place of Employment

The address at which I sought employment or was employed by the defendant(s) is:

Name   New York City Dep't of Education
Street Address   Various Schools
City and County   _____
State and Zip Code   _____
Telephone Number   _____

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

- ☐ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

  *(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

- ☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

  *(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

- ☒  Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

  *(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐   Other federal law *(specify the federal law)*: _____

☐   Relevant state law *(specify, if known)*: _____

☐   Relevant city or county law *(specify, if known)*: _____

**III.   Statement of Claim**

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.   The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐   Failure to hire me.
☐   Termination of my employment.
☐   Failure to promote me.
☐   Failure to accommodate my disability.
☒   Unequal terms and conditions of my employment.
☐   Retaliation.
☐   Other acts *(specify)*: _____

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.   It is my best recollection that the alleged discriminatory acts occurred on date(s) ALL DATES + Throughout the school CALENDAR YEAR.

4

C.  I believe that defendant(s) *(check one)*:

   ☒ is/are still committing these acts against me.
   ☐ is/are not still committing these acts against me.

D.  Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

   ☐ race _____
   ☐ color _____
   ☐ gender/sex _____
   ☐ religion _____
   ☐ national origin _____
   ☐ age. My year of birth is _____. *(Give your year of birth only if you are asserting a claim of age discrimination.)*
   ☒ disability or perceived disability *(specify disability)*
   _____

E.  The facts of my case are as follows. Attach additional pages if needed.

   See Attached papers

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights*

*division.)*

## IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

_____

B. The Equal Employment Opportunity Commission *(check one)*:

☐ has not issued a Notice of Right to Sue letter.

☒ issued a Notice of Right to Sue letter, which I received on *(date)*
_____.

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐ 60 days or more have elapsed.
☐ less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Past wages 2 years = $49,800.- (30,000 - 1800 = 28,200 x 2y
Future wages (15yrs to Age 65) 30 x 15 = $450,000.-
Punitive Damages $300,000.- For Emotional Distress, preventing & knowingly excluding me from working. Excluding me from doing a job in which I Love & qualified for. Making me feel inferior to my colleagues & having to constantly explain to my superiors on why I cannot
[...] TOTAL DAMAGES requested $799,800.-

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: June 20, 2016.

Signature of Plaintiff: *Christine M. Simermeyer*

Printed Name of Plaintiff: Christine M. SIMERMEYER



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## New York District Office

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
For General Information: (800) 669-4000
TTY: (800)-669-6820
District Office: (212) 336-3620
General FAX: (212) 336-3625

Ms. Christine Simermeyer
735 Woodrow Road
Staten Island, NY 10312

Re:   EEOC Charge No. 520-2016-01036
      Christine Simermeyer v NYS Police Pension Fund

Dear Ms. Simermeyer:

The Equal Employment Opportunity Commission (hereinafter referred to as the "Commission"), has reviewed the above-referenced charge according to our charge prioritization procedures. These procedures, which are based on a reallocation of the Commission's staff resources, apply to all open charges in our inventory and call for us to focus our limited resources on those cases that are most likely to result in findings of violations of the laws we enforce.

In accordance with these procedures, we have examined your charge based upon the information and evidence you submitted. You allege that you were discriminated against because of your disability.

Based upon a review of the documents received, the Commission is unable to proceed with the processing of your claim because there is no employee/employer relationship. You were employed by the New York City Police Department – not the NYS Police Pension Fund. This does not certify that Respondent is in compliance with the statutes. No finding is made as to any other issue that might be construed as having been raised by this charge.

The Commission's processing of this charge has been concluded. Included with this letter is your Notice of Dismissal and Right to Sue. Following this dismissal, you may only pursue this matter by filing suit against the Respondent named in the charge with 90 days of receipt of said notice. Otherwise, your right to sue will be lost.

Please contact Investigator Gwendolyn Hoy at (212) 336-3723 if you have any questions.

Sincerely,

_____ for
Kevin Berry
District Director

MAR 22 2016
Date

⑧

EEOC Form 161 (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Christine Simermeyer<br>735 Woodrow Road<br>Staten Island, NY 10312 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2016-01036 | Gwendolyn D. Hoy,<br>Investigator | (212) 336-3723 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[X] Other (*briefly state*)    **No Employee - Employer Relationship**

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____     MAR 22 2016

Kevin J. Berry,<br>District Director     *(Date Mailed)*

Enclosures(s)

cc:   Stephanie Zimberg<br>Director - Legal Bureau<br>NYC POLICE DEPARTMENT<br>1 Police Plaza, Room 1406<br>New York, NY 10038



June 19, 2016

## Christine M. Simermeyer — Statement of Claim

I retired as a New York City Police Officer on ORDINARY DISABILITY. ( Explained in detail later )
I will show that the NYC Police Pension Fund along with the City of New York discriminated against me based solely on my disability. The NYC Police Pension Fund RESTRICTS my earnings & EXCLUDES me from waivers in working again for the City of New York compared to regular retirees.

*Christine M. Simermeyer*
Christine M. Simermeyer

June 19, 2016

## Christine M. Simermeyer — Statement of Facts

I retired from the NYC Police Department in August 2004 on Ordinary Disability. ( Explanation of Ordinary Disability - one who retires from the Dep't from injuries sustained outside of work or off duty ).

I applied and was hired by the NYC Department of Education as a Substitute Teacher in 2014. After working for the DOE I spoke to a fellow retired member of the NYC Police Dep't and he asked if I filled out the waiver to work for the City again. I did not at the time and looked at the NYC Police Pension Funds website to find out how to apply for the waiver? After reading the appropriate section for Tier 2 members I became aware that there are very strict guidelines on who & how much money you can earn as a disabled retired member of the NYPD.

~ The first restriction in my circumstance ( disability retired and past there 20th year anniversary ) I am NOT allowed to work for any NY City / NY State or NY Local Government agency based solely on me having been retired on a disability.

~The second restriction is the amount of money I can earn compared to a regular Service or Vested Retiree. I am allowed to make only $1800.00 ( eighteen hundred dollars ) a year as a disabled retiree. A Service or Vested Retiree is ALLOWED to work for any above agency as long as they do not make more $30,000.00 ( thirty thousand ) per year. This earnings restriction is based solely on my disability and does not afford me of being treated the same as a regular retiree.

~The third restriction is that I ( all retirees who retired on a disability ) are EXCLUDED in applying for 211 or 212 waiver in comparison to Service or Vested retirees can apply.



### In Comparison

Due to the extreme physical demands of being a Police Officer, the department must make sure that you are capable of performing your duties and remain physically able to do so at all times. If for whatever reason, you receive an injury ( whether on or off duty ) that prevents you from being able to perform those duties at 100% all the time you will be retired from the NYPD. This retirement from the NYPD is permanent, but does not mean you are physically unable to perform the duties of another non Police job. In some serious injury cases you will not be able to work at all.

If someone ( anyone ) filed for Social Security Disability and was awarded this designation, that person even though they have been designated disabled is still allowed to earn $1130.00 per month or $13,560.00 per year. Which is substantially more than what a disabled NYPD retiree can earn while working for the above agencies.

### In Closing

These three restrictions prove that the named parties have discriminated against me and are in direct violation of The Americans with Disability Act of the United States Government for equal and fair treatment of people with confirmed disabilities.

Thank You for Your Consideration

*Christine M. Simermeyer*
Christine M. Simermeyer

**Enclosed** - A copy of the actual Web page of the NYC Police Pension Fund stating and confirming the above facts.
**Email Link -**
www.nyc.gov/html/nycppf/html/retirement_services/retirement.shtml



POLICE DEPARTMENT

June 21, 2005

**From:**      **Medical Board Police Pension Fund Article II**

**To:**        **Board of Trustees Police Pension Fund**

**Subject:**   **RETIRED POLICE OFFICER CHRISTINE SIMERMEYER,
               SHIELD # 15768, TAX # 893329, S.S. # 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**

1.   This is in response to a communication dated December 8, 2004, from the Executive Director, Police Pension Fund, in which the application for Disability Retirement is remanded to the Article II Medical Board in light of "New Evidence".

2.   Retired Police Officer Simermeyer was previously before the Article II Medical Board on September 21, 2004. When last seen, it was the final decision of the Article II Medical Board to unanimously recommend disapproval of the officer's own application for Accident Disability Retirement and disapproval of the Police Commissioner's application for Ordinary Disability Retirement.

3.   The Article II Medical Board makes reference to the minutes of the above meeting form complete documentation as to the incidents involved, findings by her own physicians, diagnostic reports and findings by the Medical Board.

4.   The new evidence provided by the officer for this evaluation consists of a surgery report by Dr. Stuart Singer performed on October 26, 2004. The operation performed was right knee arthroscopy with an intra-articular shaving chondroplasty, removal of loose bodies and partial resection of the thickened plica. The pre-operative diagnosis was traumatic chondromalacia of the right patella. The post-operative diagnosis was traumatic Grade III chondromalacia of the right patella and medial femoral condyle, articular cartilage loose bodies and thickened suprapatellar plica.



COURTESY  •  PROFESSIONALISM  •  RESPECT
Website: http://nyc.gov/nypd

2

**RET. P.O. CHRISTINE SIMERMEYER, SHIELD # 15768, TAX # 893329, JUNE 21, 2005**

5. On interview, the officer has several complaints of right knee and back pain. She stated that she has decreased pain and also decreased function of her right knee since her surgery. She is taking no medication at this time. The officer recently finished her physical therapy sessions. She does some exercises at home. She stated she has difficulty walking and has problems with ascending and descending stairs. She has problems rising from a seated position. She has had no MRI's postoperatively and no further surgery has been indicated for the knee.

6. The officer noted she does have increased pain back in her right side. A heel lift has been suggested. There have been no plans for surgery.

7. The officer retired on full duty.

8. On physical examination, the officer is cooperative and pleasant. She walks with a mild antalgic gait to the right side. Examination of the right knee reveals 3/4" of atrophy in her right thigh. She has a positive TRAP sign. There was patella femoral crepitus noted. The knee cap is easily subluxable. ACL, MCL PCL and LCL all appear to be intact. There is a extension lag, which appears to be fixed. Examination of the lumbar spine reveals flexion to 70 degrees and extension to 20 degrees. She has tenderness in the right sacral iliac joint. Rotation to the right is painful but not to the left. Side bending is equal and within normal limits. Reflexes are brisk. Toes are down going. Motor insensor is intact. She cannot heel walk but can toe walk.

9. It is the unanimous opinion of this Article II Medical Board that Officer Simermeyer does show objective orthopedic findings at this time. Therefore, the Medical Board rescinds its previous decision and recommends approval of the officer's own application for Accident Disability Retirement and disapproval of the Police Commissioner's application for Ordinary Disability Retirement. The final diagnosis is Patellar Femoral Arthropathy Status Post Arthroscopy with Residuals. The competent

3

**RET. P.O. CHRISTINE SIMERMEYER, SHIELD # 15768, TAX # 893329, JUNE 21, 2005**

causal factor is the line of duty injury of December 15, 1995.

_____
Frank Guellich, M.D.            Reply-Rescind Previous Decision
Chairman                         Approve-Own-Accident Disability
Department of Health             Disapprove-PC-Ordinary Disability


_____
Nicholas DePalma, M.D.           Reply-Rescind Previous Decision
Police Pension Board Article II  Approve-Own-Accident Disability
                                 Disapprove-PC-Ordinary Disability


_____
Peter Lesniewski, M.D.           Reply-Rescind Previous Decision
Dept. of Citywide Adm. Services  Approve-Own-Accident Disability
                                 Disapprove-PC-Ordinary Disability


Mm:jb



**New York City Police Pension Fund**

Home
About PPF
Financial Information

Tier 2 - Retirement Services

**TO ALL ARTICLE II RETIRED PERSONS**
This notice is to advise you of certain restrictions on employment after retirement. Your retirement benefit consists of a pension portion (the largest part generated by City contributions) and an annuity portion (generated by member's contributions).

The following paragraphs address the pension portion only the annuity portion of your retirement benefit was purchased by your contributions and is not affected. Also, continuation of your annuity portion maintains your eligibility for medical benefits. An active member of the pension system is one who is in the active service of a governmental agency. He/she may or may not make contributions to the pension system, but he/she is earning future pension benefit credits. A passive member is one who is receiving benefits. The following paragraphs are a guide to the statutory restrictions on retiree employment. Each retiree should review the statutes cited to ensure compliance and to avoid jeopardizing their pension benefit. Questions regarding these statutory restrictions should be submitted to the Police Pension Fund in writing. You will receive a written reply, a copy of which will be made a part of your pension records.

**SERVICE & VESTED INTEREST RETIREES**
According to Section 1117 of the New York City Charter, the pension portion of the retirement benefit is suspended or forfeited for all retired persons who are employed by New York State or any of its political subdivisions and earn over $1,800.00 per year.

However, Section 211 of the New York State Retirement and Social Security Law allows a person retired for other than physical disability to be employed by New York State or one of its political subdivisions if the agency wishing to employ the person obtains approval from the New York State Civil Service Commission or others empowered to grant such approval. This is commonly known as the "211 waiver."

In addition, if the prospective employer is New York City (except the NYC Department of Education), the salary or compensation is limited to the difference between the yearly pension amount and the current salary or compensation the pension was based on. Earnings in excess of that amount will result in the recoupment of overpayment.

Section 212 of the New York State Retirement and Social Security Law permits employment by New York State or one of its political subdivisions without approval for non-disability-retired persons if the salary or compensation is less than an amount set by State legislature each year (currently $30,000). Under Section 212, you must notify the Police Pension Fund in writing if you intend to exercise this right.

For Service Retirees or Vested Retirees who are publicly employed with New York State, there shall be no earnings limitations in, or after, the calendar year in which the retiree attains age 65.

In all cases, under Section 40-C-9 of the New York State Retirement and Social Security Law, any retired person may not join another New York State Retirement System as an active member while receiving a pension benefit from the Police Pension Fund. If a retired person chooses to do so, the pension portion payments must be suspended. When active membership ceases, the pension portion will be reinstated.

Tier 3
Taxes
Forms
Links
Important Dates
Meeting Webcasts
WTC Information
Legal Information
Pension News
Contact PPF
Home


(16)

Case 1:16-cv-03277-RRM-JO    Document 1    Filed 06/20/16    Page 17 of 18 PageID #: 17

**About PPF**
**Financial Information**
Tier 2
Loan Service
Deferred Como Loans
Taxable Loan for Residence
Loan Cut Off Dates
Final Retirement Loans
Ramifications of Final Loan
Taxable Liability-Final Loan
Retirement Services
Retirement Instructions
Retirement Benefits
Retiree Employment Limits
Retiree Death Information
Return to Service
Membership Services
Credited Service
Contributions
Voluntary Contributions
ITHP Contributions
Reduced Contributions
Excess Contributions
Frequently Asked Questions

Tier 3
**Taxes**
**Forms**
**Links**
**Important Dates**
**Meeting Webcasts**
**WTC Information**
**Legal Information**
**Pension News**
**Contact PPF**



NOTE: It is the responsibility of the Service Retiree or Vested Retiree to verify that the prospective employer has obtained a waiver under Section 211, and that this waiver continues in force throughout the duration of employment.

**PUBLIC BENEFIT CORPORATIONS**

The Office of the Corporation Counsel has interpreted Section 1117 of the New York City Charter as not applying to PUBLIC BENEFIT CORPORATIONS, so that retired City employees can work for such corporations without suspension of benefits. The Corporation Counsel has determined the following Authorities to be Public Benefit Corporations.

- New York City Housing Authority
- New York City Transit Authority
- New York State Dormitory Authority
- Off-Track Betting Corporation
- New York City Health & Hospitals Corporation
- Metropolitan Transit Authority
- Urban Development Corporation
- New York / New Jersey Port Authority
- Water Front Commission
- New York City School Construction Authority
- New York City Convention Operating Corporation

The above list is not all inclusive. Members who feel that the Public Benefit Corporation exemption applies to a prospective employer should write to request a written opinion, from the Executive Director, NYC Police Pension Fund. **

**DISABILITY RETIREES**

According to Section 1117 of the New York City Charter, the pension portion of the retirement benefit is suspended or forfeited for all retired persons who are employed by New York State or any of its political sub-divisions. However, Article II persons retired for Ordinary or Accident Disability prior to the 20th anniversary of their appointment to the Police Department are not governed by Section 1117 of the New York City Charter and may be so employed.

Persons retired for ordinary accidental disability prior to the 20th anniversary of their appointment to the Police Department are subject to the provisions of Section 13-254 of the New York City Administrative Code. Section 13-254 limits earnings to the difference between the pension portion and the combined total of the current salary plus overtime; night shift, differential and vacation pay for the next higher rank than that of the retiree at the time of retirement.

(The retiree's uniform allowance shall be included at the rate for the rank of the retired person at the time of retirement.) Earnings in excess of this difference will result in the recoupment of overpayment in pension monies.

After the 20th anniversary of their appointment to the Police Department, persons retired for ordinary or accident disability are no longer subject to the provisions of 13-254 (earnings limitations). However, they now fall under Section 1117 of the New York City Charter and, furthermore, are excluded from the exemption provisions of Sections 211 or 212 of the New York State Retirement and Social Security Law. Therefore, disability retirees who are employed by New York State (or any of its political subdivisions) after the 20th anniversary of their appointment to the New York City Police Department will



17

have their pension benefit suspended.

**In all cases, under Section 40-C-9 of the New York State Retirement and Social Security Law, any retired person may not join another New York State Retirement System as an active member while receiving a pension benefit from the Police Pension Fund. If a retired person chooses to do so, the pension portion must be suspended. When active membership ceases, pension portion payments will be reinstated.

**Copyright 20162015 The City of New York**

Contact Us | Privacy Policy | Terms of Use

