UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CHRISTINE SIMERMEYER,

                    Plaintiff,

          - against -

NEW YORK CITY POLICE PENSION FUND; and
THE CITY OF NEW YORK,

                    Defendants.
-------------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

**MEMORANDUM AND ORDER**
16-CV-3277 (RRM) (JO)

Plaintiff, *pro se*, Christine Simermeyer, a former New York City police officer, brings

this action against the New York City Police Pension Fund and New York City (the "City")

(collectively, "defendants"), alleging a violation of the Americans with Disabilities Act (the

"ADA"), codified at 42 U.S.C. §§ 12112–17. (*See* Compl. (Doc. No. 1).) Defendants now move

to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(6), (*see* Defs.' Mot. (Doc.

No. 13)), and Simermeyer opposes the motion, (*see* Pl.'s Opp. (Doc. No. 10)). For the reasons

set forth below, defendants' motion to dismiss is granted.

## BACKGROUND

The following facts are taken from Simermeyer's complaint and assumed true for

purposes of this Memorandum and Order. Simermeyer retired from her role as a police officer

on August 27, 2004, before reaching her twentieth year of service with the New York City Police

Department. (Compl. at 11.)[1] She retired on a disability pension, in accordance with New York

City Administrative Code ("Admin. Code") § 13-251. (*Id.*) In 2014, she was hired by the New

York City Department of Education (the "DOE") as a substitute teacher, a position that pays

---

[1] For ease of reference, citations to the docket refer to Electronic Case Filing ("ECF") pagination.

more than $1,800 per year. (*Id.*) Simereyer's pension payments were then suspended under § 1117 of the New York City Charter, which requires the suspension of pension payments to retirees who are employed by New York State or any of its political subdivisions, including the DOE, and earn over $1,800 per year.[2] (*Id.*) Simermeyer alleges that defendants thus discriminated against her on the basis of her disability, in violation of the ADA.

## STANDARD OF REVIEW

Pursuant to Rule 12(b)(6), a party may move to dismiss a cause of action that "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to withstand a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678). The Court assumes the truth of the facts alleged and draws all reasonable inferences in the nonmovant's favor. *See Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009).

When a plaintiff proceeds *pro se*, the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally"). "[T]he mandate to read the papers of *pro se*

---

[2] In her complaint, Simermeyer does not expressly state that her pension payments were suspended. (*See generally* Compl.) Instead, she states: "I am allowed to make only $1,800 . . . a year as a disabled retiree." (*Id.* at 11.) The Court takes this to mean that her pension payments were suspended pursuant to § 1117 of the New York City Charter.

litigants generously makes it appropriate to consider plaintiff's additional materials, such as his opposition memorandum" at the motion to dismiss stage. *Burgess v. Goord*, No. 98-CV-2077 (SAS), 1999 WL 33458, at *1 n.1 (S.D.N.Y. Jan 26, 1999) (internal quotation marks and citations omitted). Notwithstanding the liberal pleading standards granted to a *pro se* plaintiff, if "the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is warranted. *Twombly*, 550 U.S. at 558.

## DISCUSSION

The Equal Employment Opportunity Commission (the "EEOC") has published guidance that provides a helpful starting point and explains in clear terms why the actions complained of by Simermeyer would not violate the ADA by EEOC standards. *See* EEOC Notice Number 915.003 (Oct. 3, 2000). The EEOC's basic position is that persons who separate from service because of disability are not similarly situated, for ADA purposes, to persons who retire after completion of a minimum service period. Thus, the ADA does not create any requirement of parity as between disability retirement benefits and service retirement benefits. The guidelines expressly state that benefits may be provided to service retirees which are not provided to disability retirees. Indeed, according to the EEOC, the ADA creates no requirement that an employer provide any disability pension at all. The relevant EEOC notice specifically states as follows:

> The ADA does not require that service retirement and disability retirement plans provide the same level of benefits, because they are two separate benefits which serve two different purposes. As long as all employees may participate in the service retirement plan on the same terms, regardless of the existence of a disability, an employer will not violate the ADA if it provides lower levels of benefits in its disability than in its service retirement plans.

This EEOC position on benefits for service and disability retirees is not binding on the Court in and of itself, as Simermeyer herself notes. However, it is reasonable, and is entirely

3

consistent with judicial precedent in this Circuit. In line with the EEOC's position, in *Castellano v. The City of New York*, 142 F.3d 58 (2d Cir. 1998), the Second Circuit denied plaintiffs' ADA claim and held that pensioners with less than twenty years of service who are retired on a disability pension are not required to be provided with the same level of benefits as those members retired on service pensions. *See Castellano*, 142 F.3d at 70.[3] Moreover, "[a]s long as all employees may participate in the service retirement plan on the same terms, regardless of the existence of a disability, an employer will not violate the ADA if it provides lower levels of benefits in its disability than in its services retirement plans." *Id.* The City notes – and Simermeyer does not dispute – that when she left her job as a police officer, she could have chosen to forego a disability pension, waited until what would have been her twentieth year of service, and begun collecting a service pension at that time. Doing so would have rendered her eligible for the waivers about which she now complains. Instead, she freely chose to receive disability pension benefits and, in fact, has enjoyed the benefits of such retirement for more than a decade.

Also controlling is *Sullivan v. City of New York*, 2011 U.S. Dist. LEXIS 36383 (S.D.N.Y. 2011), *aff'd* 484 F. App'x 628 (2d Cir. 2012), a case which raises the same issues as does Simermeyer. There, plaintiff, a former police officer who had been receiving a disability retirement benefit for many years, became employed by two different State agencies, making more than $1,800 per year. Accordingly, pursuant to New York City Charter § 1117, his disability retirement benefit was suspended. Plaintiff challenged the suspension alleging, *inter*

---

[3] Simermeyer attempts to distinguish *Castellano* because the additional benefits available to service retirees that were at issue in that case were obtained through a "collectively bargained agreement." (*See* Pl.'s 8/31/16 Letter (Doc. No. 9) at 2.) It is irrelevant that the benefits at issue in *Castellano* were the product of a collective bargaining agreement. The key is the principle that service retirement benefits and disability retirement benefits need not be equal.

4

*alia*, that he was discriminated against because he was not permitted to apply for a waiver under RSSL § 211 – the same claim that Simermeyer makes. Citing *Castellano* and the EEOC guidance set forth above, the district court dismissed plaintiff's ADA claim and held that "[t]he ADA does not . . . require that a disability pension that is more generous than an available alternative also afford its participants all features that the alternative plan provides." *Sullivan*, 2011 U.S. Dist. LEXIS 36383 at *10. In affirming the district court's holding, the Second Circuit stated: "To violate the ADA, then, the City must have deprived Sullivan of a choice of pension plan." *Sullivan*, 484 F. App'x at 629. Here, Simermeyer elected to receive an ordinary disability retirement benefit. The ADA does not require, in addition to her disability retirement benefit, that she also receive the benefits associated with service retirement – namely, the ability to apply for a waiver under RSSL §§ 211 or 212.

Indeed, The New York Court of Appeals has aptly described the difference between disability and service pensions:

> Each was designed to meet different needs; each contains conditions consistent with its own purpose. Therefore, it is neither irrational nor discriminatory for the State to limit the right to governmental employment while yet receiving a pension to those who are physically fit and to exclude those who are not, to wit, those whose retirement was based on disability. A program tailored to meet the unique needs of disabled employees is not to be deemed flawed merely because it is different from one designed for the nondisabled.[4]

Because different pension plans can serve different purposes, "[t]he ADA requires only that persons with disabilities have the opportunity to receive the same benefits as non-disabled

---

[4] In fact, disability plans often entail advantages over service plans – advantages that are tailored to meet the distinct needs of disability pensioners. For instance, Simermeyer began collecting pension payments before her twentieth year of service and would not have been able to do so if she were a service retiree rather than a disability retiree. *See also Sullivanv. City of New York*, No. 08-CV-7294 (LTS) (MHD), 2011 U.S. DIST. LEXIS 36383 at *11 (S.D.N.Y. March 25, 2011) (plaintiff's disability pension "consist[ed] of 75% of the retiree's final pay, and carrie[d] certain tax exemption advantages that [were] not afforded to recipients of the service pension, which consist[ed] of 50% of final pay."). In addition, as the City notes, retirees receiving a disability pension –as well as service retirees – are not precluded from working in the private sector without any salary limit.

officers who have given an equivalent amount of service." *Castellano v. City of New York*, 142 F.3d 58, 70 (2d Cir. 1998).

Simermeyer also attempts to distinguish between what she refers to as a "vested retiree" and a "service retiree." (*See* Pl.'s 8/31/16 Letter at 3.) Her argument appears to be that a person who worked as a police officer for five years and vested into her pension – and then left to pursue employment in the private sector, for example – can collect a service pension on reaching what would her twentieth year of service. Moreover, such a "vested retiree" can take advantage of the provisions set forth in RSSL §§ 211 and 212 because she would be considered a "retired person" under the RSSL. Simermeyer argues that this means that a person who worked as a police officer for fewer years than she did would be entitled to work for the City and collect a service pension. However, there is no distinction between a "vested retiree" and a "service retiree." Both types of retirees have elected to retire on their service pension. Simermeyer, on the other hand, has elected to retire on a disability pension. Accordingly, the benefits she receives are simply different from the benefits a service retiree may receive. As the case law lays out, and as the EEOC guidance mirrors, such differences simply do not violate the ADA.

**CONCLUSION**

For the reasons set forth herein, defendants' motion, (Doc. No. 11), is granted. The Clerk

of Court is respectfully directed to enter judgment, mail a copy of this Memorandum and Order

and the accompanying Judgment to plaintiff, Christine Simermeyer, *pro se*, at her address

reflected on the docket, note the mailing on the docket, and close this case.


SO ORDERED.

Dated: Brooklyn, New York          *Roslynn R. Mauskopf*
       September 28, 2017          _____
                                   ROSLYNN R. MAUSKOPF
                                   United States District Judge